## WILLIAMS *v.* STATE

No. 41733 December 19, 1960 125 So. 2d 535

*Robert E. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

842

McGEHEE, C. J.

The appellant, Elmer Bethea Williams, alias "Blackie" Williams, and William Shelton Madden and Harold Stanley were jointly indicted for burglary in connection with the breaking and entering of the place of business of the Rebel Oil Company, a corporation, at Hattiesburg, Mississippi, when an iron safe weighing approximately 350 pounds was taken, stolen and carried away from the said building and the sum of approximately $450 in money was taken, and the said iron safe then thrown into Leaf River.

Harold Stanley, an inmate of the penitentiary at Parchman, after having made a disclosure to the officers of the alleged facts in connection with the burglary and larceny, was subpoenaed as a witness and testified for the State in the trial. Stanley testified that on the night of July 25, 1958, he, in company with the appellant and Madden, went to the place of business of the Rebel Oil Company in Hattiesburg at approximately one o'clock a. m. and that he and Madden went into the building by breaking into a side window and that the appellant drove the car around the building and kept a lookout until the witness and Madden were ready to load the iron safe into the car; that the appellant then

drove the car to Leaf River; that they crossed over the river bridge and turned into a side road leading into the woods and that they there robbed the safe by breaking it open with a three pound sledge hammer; divided approximately $448 among the three of them and thereafter threw the safe into the river.

At the conclusion of the State's testimony, the attorney for the appellant dictated into the record being made in the circuit court the following: "In view of the testimony of the witness, Harold Stanley, I'd like to make also a motion that a subpoena duces tecum be issued for the records of the Secretary of the State Parole Board to show that there is an application pending at this time." The district attorney objected to the motion and the objection was sustained. This is all that the record discloses as to what transpired in regard to the appellant's motion for a subpoena duces tecum.

 To obtain a subpoena duces tecum it is required that a verified petition be filed in the case, describing the papers or books which are desired with as much certainty and particularity as is practicable, considering all the circumstances of the case, so that the judge may know their character and whether the request be reasonable and proper as respects their situation and volume, and that the witness so subpoenaed may know what to bring; and the petition must state sufficient facts to show that the papers and books sought are material as evidence in the case and for what purpose and in what respect they are material so that the judge may protect the witness against an unnecessary or irrelevant production. Cf. Sec. 553, 2d Ed., Griffith's Miss. Chan. Practice.

 In the instant case there was no petition in writing meeting the foregoing requirements. Moreover, the fact of whether or not the witness lacked ten months before he would have been eligible for parole, and that he had four years left of his sentence in the penitentiary

could not have been determinative of whether or not he was telling the truth when implicating the appellant in the burglary and larceny. ██ █ Moreover, under Rule 11 of this Court, the erroneous admission or exclusion of evidence by the trial court is not a ground for a reversal of the case unless when looking at the entire record it can be seen that there has been a miscarriage of justice. We don't think that the failure of the trial court to order the issuance of a subpoena duces tecum, under the motion as filed, constituted reversible error. This is the only assignment of error made and which was argued in the appellant's brief.

The judgment and sentence of the trial court must, therefore, be affirmed.

Affirmed.

*Lee, Kyle, Arrington* and *McElroy, JJ.,* concur.