749 So.2d 239 (1999)
Sylvester SYKES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01545-COA.
Court of Appeals of Mississippi.
August 24, 1999.
*241 Michael G. Thorne, Tupelo, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Sylvester Sykes was convicted in the Circuit Court of Lee County of burglary of a building. On appeal Sykes challenges the weight and sufficiency of the evidence, the use of peremptory challenges to jurors, the admissibility of his confession, the denial of his request for a circumstantial evidence instruction, and the adequacy of the proof of the former convictions that were used to enhance his sentence. Each of these arguments is without merit and we affirm.

STATEMENT OF FACTS
¶ 2. On October 11, 1996, officers of the Tupelo Police Department responded to an alarm that was set off at the Social Security Administration offices in Tupelo. They first discovered a shattered window, then found Sylvester Sykes hiding under a desk. Several desk drawers in the area near Sykes had been opened. After having been made aware of his constitutional rights and signing a waiver of them, Sykes gave a statement that was then typed and which he signed. The confession stated:
On the morning of October 11, 1996 at around 12:00 AM I left the area of Ida Street where I had bought some crack cocaine, smoked it and walked to the area of Wal-mart on West Main. While in the area I walked to the social security administration on Traceland Drive, broke in and began looking for some cash money to buy some crack. The next thing I know is the police is there and they catch me under a desk in one of the offices.
Sykes was convicted of burglary of a building and sentenced as an habitual offender to a term of seven years without probation or parole.

DISCUSSION

I.A. Sufficiency of the evidence
¶ 3. Sykes argues that the lower court improperly denied his motions for a *242 directed verdict and later for a judgment notwithstanding the verdict because, he asserts, there was insufficient evidence to prove each element of the crime of burglary. We examine the evidence that was presented at the last time that a motion attacking the sufficiency was presented. Wetz v. State, 503 So.2d 803, 807 n. 3 (Miss.1987). In this case that was at the time of the motion for a JNOV.
¶ 4. In assessing the sufficiency of the evidence, we are to accept as true all of the evidence favorable to the State, including all reasonable inferences that may be drawn therefrom, and disregard evidence favorable to the defendant. White v. State, 722 So.2d 1242, 1246 (Miss.1998).
¶ 5. The elements proving the offense of burglary are a breaking and entering of a building with the intent to commit a crime after entering. Jackson v. State, 483 So.2d 1353, 1354 (Miss.1986). The evidence was that an alarm had been activated at an office building. A window was broken and several desk drawers were open. Sykes was hiding under a desk.
¶ 6. Sykes's argument focuses solely on the evidence just described. He states that none of this evidence proves his intent to commit a crime once inside the building as no stolen property was found on him. What Sykes argues in a separate issue is that his complete confession to the crime after being captured was inadmissible. As we explain below, it was admissible. Sykes confessed that he broke into the building searching for money with which to purchase cocaine. There was sufficient evidence.

I.B. Weight of the evidence
¶ 7. Sykes's sufficiency of the evidence argument was solely a question of law. We have rejected it. Next he alleges that the verdict was against the overwhelming weight of the evidence and the trial court should have granted his motion for a new trial. Collier v. State, 711 So.2d 458, 461 (Miss.1998). To determine whether a jury's verdict is against the overwhelming weight of the evidence, we accept as true the evidence that supports the verdict. Reversal occurs only when we are convinced that the trial court has abused its discretion in failing to grant the motion. "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." White v. State, 732 So.2d 961, 965 (Miss.1999).
¶ 8. We have recounted the evidence presented by the State. Accepting this evidence as true, the verdict was entirely consistent with the great weight of the evidence. The trial court did not err in refusing to grant Sykes a new trial.

II. Batson motion
¶ 9. Sykes next argues that the State exercised its peremptory challenges in an unconstitutional manner and purposefully excluded prospective black jurors. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He contends that the trial court committed reversible error in failing to require that the State articulate a race neutral explanation for challenging each of the jurors.
¶ 10. To establish a prima facie case of purposeful discrimination in the selection of a jury, the accused must demonstrate that: "(1) he is a member of a cognizable racial group; (2) that the prosecutor exercised peremptory challenges to excuse a venire person of the defendant's race; and (3) that there is an inference that the venire persons were excluded on account of their race." Id. at 96, 106 S.Ct. 1712. Once this prima facie showing of discrimination has been made, the burden of proof shifts to the State to come forward with race neutral explanations for challenging the jurors. Id.
¶ 11. Sykes is a member of the black race. Though the exercise of the peremptory challenges does not appear in the record, there is evidence that six members *243 of the prospective jury panel were black, and the State used two of its peremptory strikes, one of which was for an alternate juror, against blacks. Sykes argued at trial that these black veniremen did not respond to any of the questions posed during voir dire, and therefore, the only reason to strike them was because of their race.
¶ 12. In response, the State contended that Sykes failed to show purposeful discrimination on the basis of race. Absent that showing, the State was not required to come forward with race-neutral reasons for its strikes. The State used four of its peremptory strikes on white members of the prospective jury panel. The trial court ruled that no pattern of discrimination was shown.
¶ 13. The trial court must look to the overall circumstances of voir dire including the prosecutor's remarks and questioning to determine whether a prima facie case of purposeful discrimination has been made. Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). The United States Supreme Court stated:
In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a "pattern" of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors.
Batson, 476 U.S. at 97-98, 106 S.Ct. 1712.
¶ 14. The record simply does not reveal a pattern of racial discrimination by the State. The trial court's decision to dismiss the argument was not clearly erroneous.

III. The voluntariness of Sykes's statement.
¶ 15. Sykes argues that his confession was inadmissible because he was not given the warnings of his constitutional rights before custodial interrogation began. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The State has the burden of proving beyond a reasonable doubt that any confession given was given voluntarily. Haymer v. State, 613 So.2d 837, 839 (Miss.1993). A prima facie case is made for the State if there is "testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward." Cox v. State, 586 So.2d 761, 763 (Miss.1991). The defendant must then present evidence in rebuttal. Id.
¶ 16. In a suppression hearing held prior to trial and outside the presence of the jury, Officer Antonio McCoy testified that he gave Sykes his Miranda warnings both in writing and orally. He further stated that he did not make any threats or promises in order to procure the confession. According to Officer McCoy, the statement was given by Sykes freely and voluntarily. This constitutes a prima facie case that the confession was voluntary. Sykes presented no explicit evidence to the contrary and thus, failed to rebut the voluntariness of his confession.
¶ 17. In addition, Sykes contends that he was unable to make a voluntary waiver of the Miranda warnings due to his limited education. During cross-examination of Officer McCoy, it was revealed that Sykes's arrest record showed that he had an eleventh grade education. Sykes contended that it was only the tenth grade that he completed and that level was achieved through a special education program. Officer McCoy testified that after Sykes read the written Miranda warnings, he acknowledged that he understood them. *244 Sykes presented no evidence to the trial court suggesting that he could not give a valid waiver of his Miranda rights regardless of what grade level of education he attained.
¶ 18. A finding that a confession is voluntary and therefore admissible is a finding of fact. We will accept the finding unless the trial judge applied an incorrect legal standard, ignored the overwhelming weight of evidence, or committed manifest error. Balfour v. State, 598 So.2d 731, 742 (Miss.1992). We find that the trial court committed no error in allowing Sykes's statement into evidence.

IV. Redaction of portions of Sykes's statement.
¶ 19. In his confession, Sykes admitted to having smoked crack cocaine prior to the burglary and to having entered the building in search of money with which to purchase more crack cocaine. Sykes wanted these references omitted from the statement admitted into evidence, but the trial court refused.
¶ 20. On appeal, Sykes argues that the cocaine references revealed a prior bad act and that the proper procedures for allowing such evidence to be received by the jury were not followed. Specifically, Sykes contends that the trial court erred in failing first to establish that the statement was admissible under Mississippi Rules of Evidence 404(b). Then he states that the trial court should have determined whether the prejudicial effect of the statement outweighed its probative value. M.R.E. 403.
¶ 21. Evidence of other bad acts committed by a defendant is not generally admissible as a part of the State's case-in-chief. Neal v. State, 451 So.2d 743, 758 (Miss.1984). However, proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences. Underwood v. State, 708 So.2d 18, 32 (Miss.1998). The rationale for admitting evidence of certain closely related acts is that the State "has a legitimate interest in telling a rational and coherent story of what happened...." Brown v. State, 483 So.2d 328, 329 (Miss.1986). The telling of the story may require revealing information about other wrongs perpetrated by the defendant. Id. Proof of another crime is also admissible where it is necessary to identify the defendant, or is material to prove motive, or there is a connection between the act proposed to be proved and that charged, or the accusation involves a series of criminal acts which must be proved to make out the offense, or it is necessary to prove scienter or guilty knowledge. Underwood, 708 So.2d at 32.
¶ 22. Evidence that a defendant purchased and smoked cocaine before robbing and murdering his victim was admissible in Mack v. State, 650 So.2d 1289, 1311 (Miss.1994). One fact relied upon by the court was testimony that the defendant robbed the victim because he needed money for cocaine. The court went on to hold that "because of the close connection of a specific monetary objective and because of the overwhelming guilt, we conclude that the error in admitting this evidence, if any, is harmless beyond a reasonable doubt." Id. at 1313. Sykes's statement that he had smoked crack shortly before breaking into the building was part of the entire transaction and admissible.
¶ 23. The statement also establishes Sykes's motive for committing the crime. Mississippi Rules of Evidence 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *245 Sykes confessed that after smoking crack, he broke into the building to obtain money with which to purchase more drugs.
¶ 24. Even though relevant, the evidence is subject to the balancing test of Rule 403. As to all evidence, the trial court is to decide whether its probative value is substantially outweighed by the danger of unfair prejudice. M.R.E. 403. This balancing is left to the trial court's broad discretion, and we find that the trial court did not abuse its discretion here.
¶ 25. No explicit findings are on the record that the probative value of Sykes's statement was outweighed by its prejudicial effect. The supreme court has held that an on-the-record balancing is not required. Blue v. State, 674 So.2d 1184, 1222 (Miss.1996). We find no error.
¶ 26. Though not raised, we note the trial court's error in failing to give a limiting instruction as mandated by Smith v. State, 656 So.2d 95, 100 (Miss.1995). The supreme court ruled that "wherever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to a MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE analysis and, if the evidence passes that hurdle, [sua sponte] give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction." Id.
¶ 27. This Court has held that failure to give a limiting instruction per Smith is subject to harmless error analysis. Moss v. State, 727 So.2d 720, 725 (Miss.Ct. App.1998). Harmlessness is apparent if a fair minded juror could only have arrived at a verdict of guilt. Givens v. State, 730 So.2d 81, 91 (Miss.Ct.App.1998). Sykes admitted breaking into the building in order to obtain money with which to purchase crack. The police found him hiding underneath a desk inside the building. The only real evidentiary question was whether Sykes had the proper intent when he entered the building. He confessed to that intent. Only if the jurors disbelieved Sykes's own words should they have acquitted. Given the overwhelming weight of the evidence against Sykes, it was harmless error for the trial judge to fail to give the jury a limiting instruction.

V. Circumstantial evidence instruction
¶ 28. Circumstantial evidence instructions are required where there is no direct evidence of the central incriminating elements of the crime. Nicolaou v. State, 612 So.2d 1080, 1084 (Miss.1992). When the State cannot provide an eyewitness or a confession of the offense charged, a circumstantial evidence instruction is necessary. Stringfellow v. State, 595 So.2d 1320 (Miss.1992). Sykes confessed to burglary of a building. Quite simply, a circumstantial evidence instruction was not warranted.

VI. Authentication of sentencing documents
¶ 29. In his brief Sykes argues that in introducing evidence of his prior convictions during the sentencing hearing, the State "failed to prove all requirements as prescribed by Miss.Code Ann. § 99-19-81." Sykes claims the prosecution failed to identify him as the same Sylvester Sykes named in the two indictments and sentencing orders entered into evidence at the sentencing phase.
¶ 30. The prosecution entered a certified copy of an indictment in which Sylvester Sykes pled guilty in Lee County to attempted robbery on the 28th day of October, 1993. Sykes received a term of five years. The State then introduced a certified copy of another indictment by which Sykes pled guilty to burglary and larceny and was sentenced to seven years. Defense counsel objected, arguing that the proper foundation had not been laid by the State to introduce the two indictments into evidence. The prosecution countered that the indictment and sentencing order were self-proving in that they were certified by the Clerk of Lee County. The trial judge *246 allowed the exhibits to be entered and overruled the defense objection. Sykes was found to be an habitual offender and was sentenced as such.
¶ 31. The supreme court has rejected a defendant's complaint that the State failed to prove that he was the same individual named in the documents evidencing his prior convictions. Young v. State, 507 So.2d 48, 49 (Miss.1987). The court explained that "Mississippi follows the general rule that an identity between the name in a document and the name of the defendant creates a rebuttable presumption that the two people are in fact identical." Id.
¶ 32. Sykes failed to introduce any evidence to rebut the presumption that he is the same Sylvester Sykes who was previously convicted of attempted robbery, burglary, and larceny. Therefore the presumption was uncontested. Moreover, "[c]ertified copies of indictments and sentencing orders are sufficient to prove prior criminal convictions for habitual offender sentencing." Duplantis v. State, 708 So.2d 1327, 1347 (Miss.1998). The two certified copies of commitment papers are sufficient evidence that Sykes was an habitual offender. This assignment of error is without merit.
¶ 33. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF BURGLARY OF A BUILDING AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST LEE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.