KING, P.J., for the Court.
¶ 1. On June 30, 2000, in the Lauderdale County Circuit Court, Luther Edward Carr was convicted of the sale of cocaine and sentenced as an habitual offender to sixty years in the custody of the Mississippi Department of Correction without the possibility of parole or early release.
¶ 2. On appeal, Carr raises as error several issues, which we cite verbatim:
*225 I.
Whether a defendant is denied a fundamentally fair trial where an unavailable informant’s affirmative acts and statements are used to support the identification of the defendant, as the drug seller, but the defendant is not allowed to show the informant’s prior convictions and thus denied his rights to confrontation of witnesses, where the State speculates the informant might just be a paid informant or under duress of charges against himself.
II.
Whether a defendant is denied a fair trial and due process of law, when mis-identifieation is the issue and the court allows the use of a second drug sale four hours after the first, with accompanying video tape, and a very short clip from a surveillance video of the defendant sitting on his back door steps of his prior backyard where, as described by the agents, drug sales where taking place, characterizing defendant as a “big drug seller,” when the second drug sale is the subject of another indictment charging that defendant and his son were the sellers, but the video shows darkness by the time of the second sale at 6:00 p.m., and only shows the defendant at 4:30 p.m.
III.
Whether the defendant is denied a fundamentally fair trial and due process of law, when the judge, in the presence of the jury, comments that any issue of the credibility of the informant was not relevant at all, that the second drug sale tape is highly prejudicial and orally instructs the jury that they “these instructions will go with you to the jury room and if you choose to, you may refer to them in your final deliberations.”
IV.
Whether the errors and improper conduct alleged by the State and the court cumulatively [sic] exhibit the defendant was denied a fair trial and due process of law requiring and remand for another trial.
FACTS
¶ 3. On November 25, 1998, Chris McFarland, an undercover agent with the East Mississippi Drug Task Force (a part of the Meridian Police Department), and Alfonso Alexander, a confidential informant, were involved in undercover drug purchases. This operation was directed by Karl Merchant, the case agent. Agent Merchant identified Carr as the target to McFarland. Alexander was to introduce McFarland to Carr. Agent McFarland was equipped with an audio transmitter and a vehicle equipped with a video recording device. However, the video recorder malfunctioned and no video was captured.
¶ 4. Two weeks prior to the alleged sale, the State had made a surveillance video of a “known drug area.” This video was made by Officer Chris Scott of the Meridian Police Department. A person identified by the officers as Carr was recorded on this video.
¶ 5. At trial, Carr moved to suppress the surveillance video, alleging that it was im-permissibly suggestive and a misidentification. During the suppression hearing, the State announced that there was a second video (the 6:00 p.m. video) which showed Carr making a second drug sale to the same undercover officer. The 6:00 p.m. video was also made on November 25, 1998. However this sale was not before the trial court and is not before this Court. Carr argued that the 6:00 p.m. video was inadmissible under M.R.E. 404(b) as evi *226 dence of other crimes. The trial court took the motion to suppress the surveillance video under advisement and continued the hearing.
¶ 6. Informed by the State that the 6:00 p.m. video would be offered into evidence, Carr filed an additional suppression motion. This suppression request was based upon the failure of the State to produce this video as a part of discovery. The State indicated that it decided to use the 6:00 p.m. video to refute Carr’s defense of misidentification. The trial court found no discovery violation, but delayed the motion hearing to allow the defense the opportunity to view the 6:00 p.m. video.
¶ 7. After viewing the 6:00 p.m. video, Carr again sought its suppression as evidence of “other crimes, wrongs or acts,” prohibited by M.R.E. 404(b). Additionally, Carr argued, and the State agreed, that the video did not show Carr. However, the State argued that it was intended as an audio identification. The trial court denied the motion to suppress.
¶ 8. During trial, McFarland testified that on November 25, 1998, at approximately 2:30 p.m., he purchased forty dollars worth of crack cocaine from Carr, and at that same time, discussed returning to make a subsequent purchase of $100 worth of crack cocaine. The audio of this transaction was admitted into evidence. While testifying, McFarland used the surveillance video to identify Carr as the person from whom he had purchased crack cocaine on November 25, 1998. The surveillance video was redacted to show only Carr. This video was admitted over Carr’s objections.
¶ 9. McFarland also testified that consistent with his prior discussion with Carr, he and Alexander returned to Carr’s residence on the afternoon of November 25, 1998, and made a second purchase. Notwithstanding Carr’s objection, the audio and video recording of this event was also introduced into evidence. While the trial court denied Carr’s request to exclude this video, or grant a mistrial, it did grant his request for a limiting instruction.
ANALYSIS
I.
Whether a defendant is denied a fundamentally fair trial where an unavailable informant’s affirmative acts and statements are used to support the identification of the defendant, as the drug seller, but the defendant is not allowed to show the informant’s prior convictions and thus denied his rights to confrontation of witnesses, where the State speculates the informant might just be a paid informant or under duress of charges against himself.
¶ 10. Carr contends that he was prejudiced by not being allowed to impeach the informant Alexander. Alexander did not testify at trial, nor did the State attempt to offer Alexander’s testimony through any other witness.
¶ 11. While Alexander did not testify, Carr suggests that under Rule 806 of the Mississippi Rules of Evidence that the mere fact that he introduced McFarland to Carr, was sufficient to allow questions about his character and veracity.
¶ 12. Rule 806, M.R.E. allows impeachment of a non-witness, only if his hearsay testimony has been made a part of the record.[1] We decline to expand the *227 interpretation of this rule. Where no effort is made to offer an informant’s testimony, either in person or through hearsay, a defendant has not been deprived of his right to confront and cross-examine that witness. In Smothers v. State, 738 So.2d 242(¶ 13) (Miss.Ct.App.1998), this Court held that “[s]inee the informant was not put on the stand, the trial court did not deprive [defendant] of his right to confront and cross-examine said witness.”
¶ 13. We find no merit in this issue.
II.
Whether a defendant is denied a fair trial and due process of law, when mis-identification is the issue and the court allows the use of a second drug sale four hours after the first, with accompanying video tape, and a very short clip from a surveillance video of the defendant sitting on his back door steps of his prior backyard where, as described by the agents, drug sales where taking place, characterizing defendant as a “big drug seller,” when the second drug sale is the subject of another indictment charging that defendant and his son were the sellers, but the video shows darkness by the time of the second sale at 6:00 p.m., and only shows the defendant at 4:30 p.m.
¶ 14. Carr argues that the admission of the surveillance video and 6:00 p.m. video were prejudicial. What more, Carr asserts that he was prejudiced by the testimonies of Agents McFarland, Merchant and Scott.
¶ 15. The State has responded that Carr raised a defense of mistaken identification and it was therefore proper to offer the tapes for the limited purpose of identification. It should be noted that in denying Carr’s motion for suppression, the trial court limited the use of the tapes to the question of identification and gave a limiting instruction to that effect.[2] In the absence of evidence to the contrary, we presume that the jury will follow the court’s instructions. Shelton v. State, 728 So.2d 105(¶ 30) (Miss.Ct.App.1998).
¶ 16. This Court follows the well-settled general rule that “prosecutions are limited to the particular offenses as charged in the indictment. The interjection of evidence tending to show guilt of another crime, unrelated to the offense charged is inadmissible.” Campbell v. State, 750 So.2d 1280(¶ 11) (Miss.Ct.App. 1999). However, the use of these tapes for the purpose of identification, is consistent with Mississippi Rule of Evidence, 404(b) which provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
¶ 17. However, even if the evidence is admissible under M.R.E. 404(b) there must be a determination of whether such evidence is prejudicial under Mississippi Rule of Evidence 403 which states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations *228 of undue delay, waste of time, or needless presentation of cumulative evidence.
¶ 18. The balancing of the probative value and prejudicial effect of evidence “is left to the trial court’s broad discretion .... ” Sykes v. State, 749 So.2d 239(¶ 24) (Miss.Ct.App.1999). Where the determination is made that the evidence is more probative than prejudicial, a limiting instruction, as given here, is appropriate.
¶ 19. This Court finds issues three and four to be part of the prior issues, and also lacking merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF SALE OF COCAINE AND ENHANCED SENTENCE AS AN HABITUAL OFFENDER TO SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.

. Rule 806 provides that "[w]hen a hearsay statement, ... has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for *227 those purposes if the declarant had testified as a witness." (emphasis added).

. That instruction was: "The Court instructs the Jury that the video tape has been introduced into evidence in this trial for purposes of identification only, and that you are strictly instructed to consider the video tape only for the purpose of identification, and not as evidence for any other purpose.”