Serial: 191228

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2013-IA-00839-SCT**

*EDUARDO A. FLECHAS*

*v.*

*ALYCE PEARL PITTS*

## ORDER

The motion for reconsideration is denied. The en banc Court's order filed herein on December 20, 2013, is vacated and withdrawn, and this order is substituted in lieu thereof.

This matter is before the Court en banc on the Motion for Immediate, Extraordinary Relief, and Petition for Reconsideration and/or Rehearing of Previous Ruling Based on Newly Discovered Evidence and Related Legal Issues filed by Petitioner; the Motion to Dismiss and to Strike the Motion for Immediate, Extraordinary Relief, and Petition for Reconsideration and/or Rehearing of Previous Ruling Based on Newly Discovered Evidence and Related Legal Issues, or to Partially Strike filed by Respondent; Respondent's Rule 48A(d) Mississippi Rules of Appellate Procedure Motion for Access to Sealed Document, and all responses and rebuttals.

By orders dated March 27, 2013, and June 5, 2013, separate panels of this Court denied Petitioner's requests for interlocutory appeal or writ of prohibition as to orders entered by the Lincoln County Chancery Court in Cause No. 2011-0478. Petitioner then

asked for reconsideration of these decisions. By order dated June 20, 2013, this Court stayed all proceedings in Cause No. 2011-0478, and ordered responses from Respondent and the Lincoln County Chancery Court. After consideration, this Court entered an order on August 29, 2013, which allowed the Lincoln County Chancery Court to enter an order resulting from a hearing held in the chancery court on June 20, 2013. This order was entered by the chancery court on September 13, 2013.

After consideration of the pleadings, the transcript of the June 20, 2013, hearing, and the September 13, 2013, order, the Court finds that the Motion for Immediate, Extraordinary Relief, and Petition for Reconsideration and/or Rehearing of Previous Ruling Based on Newly Discovered Evidence and Related Legal Issues should be granted; that, pursuant to Mississippi Rule of Appellate Procedure 21(d), this Court should dispose of this motion for extraordinary relief in an expedited manner under Mississippi Rule of Appellate Procedure 5(e), and that the Court further finds as follows:

1. With respect to the Order of September 13, 2013, the chancery court stated "[t]his Order does not supersede or vacate, in whole or in part, any of the court's previous orders," requiring this Court to address the subpoena duces tecum of May 30, 2012 ("Subpoena"); the chancery court's Order of February 1, 2013 ("Order 1"); the chancery court's Order of May 23, 2013 ("Order 2"); and the chancery court's order of September 13, 2013 ("Order 3").

2. The subpoena is at the core of this dispute. The subpoena was served on an attorney for a party and not the party or a witness. The subject matter of the subpoena includes all of Flechas's personal files and records regarding all aspects of his representation

2

of Troy Pitts. These include "all files, records, electronic communications, written or any documents . . . including . . . all divorce files, personal injury defense files, estate files, Will or trust files, [and] deed preparation files." *See* Subpoena. At the time the subpoena was served, the only proceeding pending was a will contest between competing wills advanced by Alyce Pitts and Todd Pitts.

3. Flechas sought to withdraw as attorney for Todd Pitts by Motion of April 4, 2012, which motion was denied by the chancery court. While this issue is not before the Court, it is self-evident that Flechas's ability to represent Todd Pitts has been compromised by the ongoing subpoena litigation, or a trial within a trial, and the chancery court should revisit this. *See* Mississippi Rule of Professional Conduct 3.7 (Lawyer as a Witness). *See also* **Graves v. Maples**, 950 So. 2d 1017 (Miss. 2007).

4. In response to the subpoena, Flechas consistently has raised issues of relevance and privilege, both work-product and attorney-client. *See* Flechas's "Motion Quash, or in the Alternative, for Protective Order," and his "Answer and Defense to the Petition for Citation of Contempt, Renewed Motion to Quash or, in the Alternative, for a Prohibitive Order, and Motion to Stay." Flechas arguably did not sufficiently set out in detail which documents were privileged and why; however, as explained below, Flechas was placed in an almost impossible situation.

5. In Order 1, the chancery court denied Flechas's motion to quash. The chancery court found that no privilege attached to any of the documents because the information subpoenaed under Rule 45 of the Mississippi Rules of Civil Procedure was not subject to Mississippi Rules of Civil Procedure 26(b)(3), 37(a), and Uniform Circuit and County Court

3

Rule. 1.10(C), as the chancery court found the protections in these rules apply only to "discoverable information." *See* Order 1. In addition, the chancery court found none of Flechas's personal files and documents were privileged. *Id*. Instead, the chancery court found the files and documents were subject to an exception to the privilege rules under Rule 502(d)(2) of the Mississippi Rules of Evidence, which provides an exception to the rules of privilege when parties claim through the same deceased client. *See* Order 1. Thus, this order put Flechas in a position where he would have to turn over every single document in his possession relating to his representation of Troy Pitts, without regard to the relevance of the information or whether the subpoenaed documents contained discoverable or other protected work-product information. Indeed, Flechas was in the almost-impossible situation of having to produce a privilege log that included nearly every document in his personal files relating to his representation of Troy Pitts in multiple matters.

6.      A subpoena duces tecum is subject to the Mississippi Rules of Civil Procedure. Because the Mississippi Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, this Court has "looked to the federal interpretations of our state counterparts as persuasive authority." **Hartford Cas. Ins. Co. v. Halliburton Co.**, 826 So. 2d 1206, 1216 (Miss. 2001) (citations omitted). Discussing the relation of Federal Rule of Civil Procedure 45 to the federal rules related to discovery, Wright and Miller state "[t]he federal courts, in a great multitude of cases, announced that the discovery rules constituted an integrated mechanism and that [the discovery rules and Rule 45] must be read in pari materia.'" 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2452 (3d ed. 2013) (citing **Hickman v. Taylor**, 329 U.S. 495, 505, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ("It

4

matters little at this later stage whether Fortenbaugh fails to answer interrogatories filed under Rule 26 or under Rule 33 or whether he refuses to produce the memoranda and statements pursuant to a subpoena under Rule 45 or a court order under Rule 34. The deposition-discovery rules create integrated procedural devices.")). Indeed, this view is consistent with prior decisions from this Court. *See, e.g., **West v. West***, 891 So. 2d 203, 216 (Miss. 2004) ("We reverse the chancellor's decision to quash Debbie's subpoenas duces tecum and remand to the trial court . . . [to rule] as to each of twenty-nine categories of financial information [requested for productions in the subpoena] . . . .We note Debbie is still bound by the rules of relevance in regard to discovery. . . .") (footnote omitted).

7.  This Court has held that, in order to obtain a subpoena duces tecum, "'[t]he petition must state sufficient facts to show that the papers and books sought are material as evidence in the case, and to show their purpose and materiality, that a judge may protect the witness against unnecessary or irrelevant production.'" ***Griffin v. State***, 494 So. 2d 376, 380 (Miss. 1986) (quoting ***Williams v. State***, 125 So. 2d 535, 535 (Miss. 1960)); ***Bd. of Review v. Williams***, 15 So. 2d 48, 50 (Miss. 1943) ("The order will not issue unless the books and papers are pertinent, relevant and material to the issues then being tried, and the application or petition must show these facts."). Though ***Williams*** cites "pre-rules" cases, the underlying legal parameters for subpoenas are carried forward in the Mississippi Rules of Civil Procedure. *See **Mitcham v. Ill. Cent. Gulf R. Co.**,* 515 So. 2d 852, 857 (Miss. 1987) (noting the protections of Rule 26(b)(3) still apply to documents subpoenaed under Rule 45); Miss. R. Civ. P. 45 cmt. ("The force of a subpoena for production of documentary evidence

5

generally reaches all documents under the control of the person ordered to produce, *saving questions of privilege or unreasonableness*.") (emphasis added).

8. Rule 45(d)(1)(A) deals with situations when a motion to quash a subpoena should be granted and states, "[o]n timely motion, the court from which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) *requires disclosure of privileged or other protected matter* and no exception or waiver applies, (iii) designates an improper place for examination, or (iv) *subjects a person to undue burden* or expense."(Emphasis added.) Again, the chancery court's Order 1 found *all* of Flechas's personal files and documents related to his representation of Troy Pitts were excepted under Rule 502(d)(2), and none of the protections of Rule 26(b) applied.

9. The chancery court was required to find whether the subpoena at issue sought irrelevant or privileged information under the same standards as set forth in Rule 26(b) and other discovery rules. Again, the will contest is the only issue before the chancery court. No showing has been made that the documents subpoenaed have anything to do with the only issue ultimately before the chancery court: "*devisavit vel non*" or "will or no will." *See* Subpoena.

10. With regard to Flechas's privilege argument, the chancery court found all of the information subject to the subpoena was excepted from any privilege under Mississippi Rule of Evidence 502(d)(2), which provides an exception to the rules of privilege when parties claim through the same deceased client. In ***Mississippi United Methodist Conference v. Brown***, this Court held blanket statements regarding whether or not documents may or may not be compelled in discovery procedures were not sufficient and "[o]nly an in-camera

inspection and subsequent document-by-document analysis, accompanied by the corresponding rule or exception, will meet the requirements for such a determination." *Brown*, 911 So. 2d 478, 481-82 (Miss. 2005). Further, Rule 502(d)(2) still restricts disclosures to relevant communications. *See* M.R.E. 502(d)(2). All this Court has before it is the chancery court's blanket statement that all of the subpoenaed documents are excepted from privilege because of Rule 502(d)(2). Facially, it does not appear that every single document subject to the subpoena would be excepted from privilege because of Rule 502(d)(2). Further, the privilege analysis also must take into account the work product and client communications of an attorney.

11.     This Court has stated the work-product doctrine "protects an attorney's thoughts, mental impressions, strategies, and analysis from discovery by opposing counsel." *Hewes v. Langston*, 853 So. 2d 1237, 1245 (Miss. 2003) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947)). "'Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney.'"*Hewes* 853 So. 2d at 1245 (quoting *Hickman*, 329 U.S. at 510). The work-product doctrine still does not shield all documents from discovery. Mississippi Rule of Civil Procedure 26(b)(3) explains the work-product doctrine as follows:

> (3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such

materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

*Hewes*, 853 So. 2d at 1245. Thus, to obtain discovery of an attorney's work product, the moving party has the burden to show it has a substantial need for the information and it would be an undue hardship to obtain the information by other means. *See Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1247 (Miss. 2005). Rule 26 "also places responsibility on the trial court when making such determinations to 'protect against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representatives of a party concerning the litigation.'" *Hewes*, 853 So. 2d at 1266. *See also Mitcham v. Ill. Cent. Gulf R. Co.,* 515 So. 2d 852, 857 (Miss. 1987) (noting the protections of Rule 26(b)(3) still apply to documents subpoenaed under Rule 45). Because the subpoena at issue sought all Flechas's files and records regarding his representation of Troy Pitts, his work product certainly was subject to the subpoena.

12. The chancery court, in its Response to the Supreme Court, dated July 1, 2013, first presented the "crime-fraud" exception as a basis for ruling against Flechas's privilege argument. This has not been raised by Alyce, nor was it raised in Order 1. A party seeking documents under the crime-fraud exception must first make a prima facie case "for getting an in camera review of [the] disputed documents." *Hewes*, 853 So. 2d at 1247. *Hewes* further instructs that mental impressions contained in the attorney work product are obtainable only in "rare" situations. *Id*.

13. In her response to the Supreme Court's Order of June 20, 2013, Alyce, for the

first time disclosed the filing of a Petition for Discovery and Recovery of Estate Assets, for Disgorgement of Fees, to Disqualify Attorney and for Other Relief ("Disgorgement Petition"), filed on March 4, 2013. The subpoena filed May 30, 2012, appears to be related to this subsequent filing; however, it should be noted this was not filed as a separate action. Further, it makes claims on behalf of the estate of Troy Pitts. As a threshold, the will contest must first conclude and the executor of the estate must be determined. After this determination, the executor may then decide whether to pursue the allegations contained in the Disgorgement Petition on behalf of the estate.

14.     In Order 3, the chancery court set out a procedure for recovering privileged documents of Flechas in the chancery clerk's office. The procedures for recovering privileged documents are limited to mental impressions/memoranda, yet the chancery court still has not determined whether the subpoenaed documents are relevant to the will contest. Additionally, communications by and between Flechas and Troy should have been included.

15.     Following the denial of the Motion to Quash, Alyce filed a Petition for Citation of Contempt against Flechas for failure to respond to the subpoena. As stated above, Flechas was facing an almost impossible situation; nonetheless, he made no effort to comply, thus, the chancellor's award of attorney fees was appropriate in Order 2.

IT IS THEREFORE ORDERED:

a.     That Flechas's Motion for Immediate, Extraordinary Relief, and Petition for Reconsideration and/or Rehearing of Previous Ruling Based on Newly Discovered Evidence and Related Legal Issues is hereby granted;

b.     That the chancery court's Order 1 of February 1, 2013, is hereby reversed and

9

rendered, and that the chancery court's Order 3 of September 13, 2013, is hereby vacated;

c.      That the chancery court's Order 2 of May 23, 2013, is hereby affirmed as to finding Flechas to be in contempt of court and requiring him to pay attorney fees of $692.50, but is otherwise reversed and vacated;

d.      That the chancery court shall first review whether the request contained in the subpoena seeks documents relevant under Rule 26 to the only issue before the chancery court at this time, *devisavit vel non*;

e.      That Flechas shall produce all documents deemed relevant to the will contests by the chancery court and create a new privilege log, listing which of the relevant documents he believes are privileged;

f.      That the chancery court shall then conduct an in camera, document-by-document review of the documents claimed privileged, explaining the corresponding rule or exception which may compel the production of the subpoenaed documents;

g.      The chancery court shall conduct further hearings as are required to carry out the directions of this Order; and

h.      That the chancery court defer consideration of further sanctions until the discovery issues are fully resolved.

IT IS FURTHER ORDERED:

a.      That the stay entered by this Court on June 20, 2013, and continued on August 29, 2013, is vacated effective upon the issuance of this Court's mandate;

b.      That the Motion to Dismiss and to Strike the Motion for Immediate, Extraordinary Relief, and Petition for Reconsideration and/or Rehearing of Previous Ruling

10

Based on Newly Discovered Evidence and Related Legal Issues, or to Partially Strike is hereby denied;

      c.      That the Respondent's Rule 48A(d) Mississippi Rules of Appellate Procedure Motion for Access to Sealed Document is hereby denied; and

      d.      That the Respondent is taxed with all costs of this appeal.

      SO ORDERED, this the __7th__ day of May, 2014.

                       /s/ William L. Waller, Jr.

                       WILLIAM L. WALLER, JR.,
                       CHIEF JUSTICE
                       FOR THE COURT