GRIFFIS, P.J.,
for the Court:
¶ 1. Carl Anthony Houston was convicted of business burglary under Mississippi *544 Code Annotated section 97-17-33(1) (Rev. 2006). On appeal, Houston argues that the circuit court erred when it admitted his confession into evidence and denied his motion for a subpoena duces tecum made during the suppression hearing. We find no error and affirm.
¶ 2. On December 9, 2011, sometime after midnight, Deputy Shane Lang, of the Leake County Sheriffs Department, responded to a call about a break-in at the Prescription Shop in Carthage, Mississippi. The next day, the store’s pharmacist confirmed that $800 worth of prescription drugs had been stolen.
¶ 3. While en route to the call, Deputy Lang noticed an individual wearing dark clothes and a mask, carrying a white bag, and hiding between the Carthage Inn Hotel and Rock South Mini-Storage. The individual was Houston. When Houston saw Deputy Lang’s patrol car, he started to run. Deputy Lang pursued him in his patrol car. Then, he parked his car and pursued Houston on foot. Houston ran with the bag until he jumped a ditch and dropped the bag. The contents of the bag fell out. Deputy Lang eventually took Houston to the ground using his taser and hit him in the back of the head with a flashlight to subdue him. Houston removed the mask. After a brief struggle on the ground with Deputy Lang, an officer with the Carthage Police Department arrived on the scene and placed Houston in handcuffs. Investigator Kevin Cross recovered the bag that Houston had been carrying as well as its contents. The bag contained the items that the store’s pharmacist determined had been stolen.
¶ 4. Investigator Cross attempted to question Houston following his arrest. Houston was advised of his Miranda rights, but Houston did not talk. However, Houston agreed that he understood his rights when they were given. Once Houston said that he did not want to talk, Investigator Cross did not continue and left.
¶ 5. Later, after Houston asked to speak to Investigator Cross, the officers attempted to question Houston a second time. Investigator Cross and Chance Henderson, a Carthage Police Department narcotics investigator, interviewed Houston. Houston acknowledged that he understood his rights, but he refused to sign the Miranda waiver. Investigator Cross then gave both an oral statement of what happened and gave a signed written statement as well.
¶ 6. At trial, Houston filed a motion to suppress the confession. Houston testified that when Investigator Cross initially tried to question him, he did not want to talk and was in need of medical attention. Houston also testified that he never requested that Investigator Cross come back so he could make a statement. Instead, Houston said that he refuspd to make a statement and asked for medical attention again. Houston then claimed that Investigator Cross informed him that if Houston would make an oral or written statement, he would get medical attention. Houston claimed that Investigator Cross and Houston provided most of the details of the statement from their interrogation, and Houston added a motive and an apology of his own. Houston stated that he felt he had no choice but to give the statement. He also claimed that a nurse came and treated the cut he had on his head about fifteen minutes after he gave his statement.
¶ 7. Investigator Cross testified that, while he could not recall whether Houston had any injuries, he remembered that Houston was not bleeding. Investigator Cross denied that Houston asked for medical treatment during his interviews, and he was not sure whether Houston even re *545 ceived any medical treatment. Investigator Cross also denied providing Houston with the details of the robbery. Investigator Cross claimed that Houston used his own words for the interview as well as the written statement, and both statements were identical.
¶ 8. During the hearing, Houston’s counsel requested a subpoena duces tecum for the medical records from the jail to determine whether Houston received medical treatment in order to prove his confession was induced. The State countered that the medical records were not relevant, as they would not establish that Houston’s confession was involuntary. The circuit court denied Houston’s request for a subpoena. The court noted that, under the totality of the circumstances, the medical records were unnecessary. The court further ruled that Houston’s confession was made freely, knowingly, and voluntarily in the absence of any undue influence or promise of reward.
¶ 9. The jury subsequently found Houston guilty of business burglary under Mississippi Code Annotated section 97-17-33(1). Houston was sentenced to seven years in the custody of the Mississippi Department of Corrections. Houston filed a motion for a new trial, which was denied.
ANALYSIS

1. Whether the court erred in the admission of Houston’s confession.

¶ 10. Houston argues that it was error to admit his confession. Houston claims that his confession was a direct result of the refusal to provide him with medical attention until he gave a statement. Houston also claims that his confession was a result of the investigators providing him with details of the robbery so he could formulate the statement.
¶ 11. The United States Supreme Court declared in Miranda:
There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment[,] and their admissibility is not affected by our holding today.
Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (citation omitted).
¶ 12. The voluntariness of a waiver, or of a confession, is a factual inquiry that must be determined by the trial judge from the totality of the circumstances. Gavin v. State, 473 So.2d 952, 954 (Miss.1985) (citations omitted). This Court will not reverse a trial court’s finding that a confession was voluntary and admissible as long as the trial court applied the correct principles of law, and the finding is factually supported by the evidence. Greenlee v. State, 725 So.2d 816, 825 (¶ 21) (Miss.1998) (citing Haymer v. State, 613 So.2d 837, 839 (Miss.1993)). Further, where there is conflicting evidence about a confession’s admissibility, this Court “will not disturb the trial court’s finding unless it appears clearly contrary to the overwhelming weight of the evidence.” Wiley v. State, 465 So.2d 318, 320 (Miss.1985). No one factor is dispositive in the totality-of-circumstances test. Johnson v. State, 511 So.2d 1360, 1365 (Miss.1987). Further, in Morris v. State, 798 So.2d 603, 606 (¶9) (Miss.Ct.App.2001), this Court held:
When a defendant challenges the volun-tariness of his statement, the trial court must hold an evidentiary hearing outside the jury’s presence to determine the admissibility of the confession. Millsap v. *546 State, 767 So.2d 286[, 291] (¶ 14) (Miss.Ct.App.2000). The State must prove the voluntariness of the statement beyond a reasonable doubt. Id. The State establishes a prima facie case of voluntariness when the officer, or other person having knowledge of the facts, ■ testifies that “the confession was voluntarily made without any threats, coercion, or offer of reward.” Id. When- the State establishes its prima facie case of voluntariness, the defendant must then rebut the State’s assertion of voluntariness. Sykes v. State, 749 So.2d 239[, 243] (¶ 15) (Miss.Ct.App.1999).
¶ 13. Here, the circuit judge conducted a hearing on the admissibility of Houston’s confession. The State offered the testimony of Investigators Cross and Henderson to establish a prima facie case that Houston’s confession and waiver of rights were voluntary. Investigators Cross and Henderson were present when Houston confessed. They saw Houston write and sign the statement. Investigators Cross and Henderson testified that Houston acknowledged that he understood his rights after he was advised of his Miranda rights.
¶ 14. Although Houston initially refused to sign a waiver, he did not indicate that he wanted an attorney or that he did not want to give a statement. Houston gave an oral interview and confessed to the crime. Houston did not at any time indicate he wanted to stop the interview. Houston also provided a written statement, which he signed. Houston only offered his own uncorroborated testimony that medical treatment was withheld until he gave a statement in order to rebut the State’s prima facie case. The evidence also established that Houston was not under the influence of drugs or alcohol or intoxicated, nor was he promised any leniency for his confession.
¶ 15. Here, the circuit judge properly weighed the credibility of the testimony of the police officers and Houston to decide whether to admit the confession. The judge’s decision to admit the confession was not an abuse of discretion. Therefore, we find that this issue has no merit.

2. Whether it was error to deny Houston’s motion for a subpoena duces tecum made during the suppression hearing.

¶ 16. Houston next argues that the circuit court erred when it denied his request for a subpoena duces tecum for his medical records from jail. The request was made the day of the suppression hearing. Houston referred to the request as a motion for a subpoena duces tecum. Houston sought to subpoena the medical records to substantiate his claim that his confession should be excluded on the grounds that he was withheld medical treatment for his head injury until he made the confession. Houston cites Mississippi Rule of Evidence 401 and the official comment to the rule to argue that the medical records were “relevant evidence” to the admissibility of his confession; and therefore, the circuit court should have granted his motion on those grounds.
¶ 17. Under Uniform Rule of Circuit and County Court 2.01(B), a subpoena duces tecum in a criminal case that requires “the production of books, papers, documents or other objects at the date, time, and place” of trial can be obtained without a motion or a hearing. The Mississippi Supreme Court has held that the circuit court’s refusal to grant a subpoena duces tecum where no written petition was filed meeting the requirements to obtain such a subpoena did not constitute reversible error. Williams v. State, 239 Miss. 839, 844, 125 So.2d 535, 536 (1960). The supreme court has further noted that “the *547 erroneous admission or exclusion of evidence by the trial court is not a ground for a reversal of the case unless when looking at the entire record it can be seen that there has been a miscarriage of justice.” Id.
¶ 18. Here, we find that the circuit court did not err when it denied Houston’s request for a subpoena duces tecum made during the suppression hearing. First of all, Houston’s request for a subpoena duces tecum was unnecessary for medical records that could have been obtained through discovery. Under Uniform Rule of Circuit and County Court 9.04(C)(3), the medical records in the trial could have been requested through a Rule 9.04 motion for discovery or an in-court motion, since the records were from the jail, and therefore, were in possession of the State. Further, Houston failed to proffer the medical records for the trial court or to this Court to determine if they would be relevant, thereby allowing us to determine whether the trial judge’s refusal to grant the subpoena duces tecum was erroneous. Houston also failed to explain why he did not procure his medical records before the suppression hearing or offer any evidence to demonstrate that denial of the motion resulted in a miscarriage of justice. The judge based his finding of the voluntariness of the confession on the testimony of the officers and Houston, and found that, under the totality of the circumstances, the medical records were unnecessary. However, that did not preclude Houston from procuring and presenting the medical testimony to refute the confession when the confession was presented to the jury at trial. Yet he still failed to proffer the medical records. The circuit court’s decision denying the request for a subpoena duces tecum was not an abuse of discretion. Therefore, this issue is also without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A FINE OF $1,500, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J„ CONCURS IN PART.