480 So.2d 1161 (1985)
Mark CAMPBELL, Jr.
v.
STATE of Mississippi.
No. 56128.
Supreme Court of Mississippi.
December 4, 1985.
*1162 James P. Vance, Grenada, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and SULLIVAN and ANDERSON, JJ.
WALKER, Presiding Justice, for the Court:
Mark Campbell was tried and convicted for rape by the Circuit Court of Montgomery County. He was sentenced as an habitual criminal to serve a term of thirty-six years in the custody of the Mississippi Department of Corrections without the possibility of probation or parole.
On appeal Campbell assigns as error that the verdict of the jury was against the overwhelming weight of the evidence.
At trial the victim testified that on May 10, 1984 at approximately 10:00 p.m. she was forcibly raped by a black man holding a knife to her throat. She could not identify her attacker because the room was dark.
The mother of the victim testified that when she heard her daughter scream she called the police. She and the Chief of Police, Joe Henson, went into the room where the daughter slept. Henson testified that he entered the room and saw a black male whom he recognized as the appellant. Henson has known the appellant all of the appellant's life. When the appellant started to run, Henson said he called the appellant's name three times and ordered him to halt. The attacker dove head-first through the open kitchen window. Henson said that when the appellant hit the ground he rolled over and Henson was able to look him directly in the face as the appellant lay outside the window. There was an outside light shining clearly. The appellant escaped and was arrested the next day.
In addition to Henson's testimony there was other evidence placing the appellant at the scene of the crime. His coat was found outside the victim's home. Two witnesses saw the appellant wearing the same coat the evening in question. One of these two witnesses testified that the appellant left the package store where she works at about five until ten on the night of the crime and that the victim's house is the third house from the package store. The rape occurred shortly after 10:00 p.m.
Appellant's argument on appeal centers on the credibility of Henson's testimony identifying the appellant as the person who committed the rape. However, it is not for this Court to pass upon the credibility of witnesses. The jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. They may believe or disbelieve, accept or reject the utterance of any witness. Smith v. State, 463 So.2d 1102 (Miss. 1985); Campbell v. State, 278 So.2d 420 (Miss. 1973).
We have reviewed the evidence in detail and are of the opinion that the evidence amply supports the jury's verdict. Appellant's conviction and sentence will therefore be affirmed.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.