613 So.2d 837 (1993)
Samuel HAYMER,
v.
STATE of Mississippi.
No. 90-KA-1051.
Supreme Court of Mississippi.
February 4, 1993.
*838 Guy N. Rogers, Jr., Jackson, for appellant.
Michael C. Moore, Atty. Gen. and Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
Samuel Haymer appeals his conviction of grand larceny and sentence of five (5) years imprisonment in the custody of the Mississippi Department of Corrections.
Haymer assigns as error the following:
I. That the circuit judge erred in denying his motion to suppress his confession made to Detective Michael Wallace. Haymer's confession was not voluntarily and was elicited as a result of threats, intimidation, and promises of lenient treatment according to him;
II. The circuit judge erred in not granting a mistrial when Detective Michael Wallace made reference to Haymer as a "convicted felon" in violation of Haymer's motion in limine; and,
III. The evidence is insufficient to support the verdict of the jury.
On September 17, 1989, at 3:25 p.m., the Yazoo City Police Department was notified that an armed robbery had just occurred at the Delta TV and Stereo Store (hereinafter Delta). Sergeant Ron Buchanan and Detective Michael Wallace went to the crime scene.
Delta is located in the same building as the People's Choice Video (hereinafter Video) and these separate businesses are divided by a rope strung between them. Herb Putnam, owner of Delta, stated that after 6:00 p.m., a rope is put between the two businesses because Video stays open for an additional two or three hours after Delta closes.
On the day of the robbery Delta was closed and Haymer was the on-duty employee of Video. Haymer notified the police that an armed robbery had occurred, and he described to the investigating officers two black males, one with a half-moon scar on his forehead, who he said pulled a gun on him and walked out of the store with two car stereo amplifiers and two car stereo speakers.
A few days after Haymer made these statements, he also made a statement to the police which implicated himself in the stereo theft. This statement was given to the police while Haymer was at the Yazoo Police Department for questioning about the robbery and after he had been read his Miranda rights.
In this statement, Haymer told the police there had not been a robbery, no one pointed a gun at him, and that he removed the stereo equipment from Delta and gave it to Alex McNeal and Barry Green, who took it from the store and hid it nearby for Haymer to pick up later. McNeal and Green were both indicted for their assistance in Haymer's fraudulent scheme.
Haymer retrieved the stolen merchandise and gave it to Ron Townsend and told him to sell it for him. Haymer also told the police that the merchandise he removed was two Orion amplifiers and two Orion speakers.
Haymer claims that he told the police this version of the robbery because they would not accept his original, truthful story and because Detective Wallace promised to have the charges dropped if Haymer would have the merchandise returned to Delta. Haymer also claims that this statement was not in his own words but was actually Detective Wallace's account of the alleged robbery. Detective Wallace testified that he never told Haymer that he would be lenient on him in exchange for the return of the stolen equipment.
*839 Haymer moved to suppress all evidence which was the product of what he contended was his illegally obtained confession.
The trial judge found that the confession was voluntarily given and that there were no coercive influences asserted by the police officers in obtaining the statement and the motion to suppress was denied.
Haymer filed a motion in limine to prevent reference to his prior convictions, but did not call the motion to the court's attention and, before it could be ruled on, Detective Wallace made a reference to the fact that Haymer was a "convicted felon." The trial judge admonished the jury to disregard the statement by Wallace, and at Haymer's request, individually polled each juror to make sure that each could disregard this statement. Haymer's motion for mistrial was denied.
Both Alex McNeal and Barry Green testified against Haymer.
Ronnie Reed testified that he talked with Ronald Townsend, who had this stereo equipment stashed in his van. Reed never saw Haymer with this equipment in his possession but claimed that Townsend gave him this equipment so that he could later install it in Haymer's car.
At the close of the State's case, Haymer moved for a directed verdict on the grounds that the prosecution had failed to make out a prima facie case on the essential elements of grand larceny. The motion for directed verdict was denied.
In his case-in-chief, Haymer testified that he was telling the truth and that Detectives Wallace, McNeal, Reed, Townsend and Green were lying. The jury obviously did not accept this testimony and returned a guilty verdict against Haymer. He was sentenced to five years imprisonment and now appeals to this Court.

I.

DID THE CIRCUIT JUDGE COMMIT REVERSIBLE ERROR WHEN HE DENIED THE MOTION TO SUPPRESS HAYMER'S CONFESSION MADE TO DETECTIVE WALLACE?
Our standard of review on such issues is found in Cox v. State, 586 So.2d 761, 763 (Miss. 1991), "Findings by a trial court that a confession was voluntary and that the confession is admissible will not be reversed by this Court as long as the trial court applies the correct principles of law and the finding is factually supported by the evidence."
The State has the burden of proving, beyond a reasonable doubt, all facts prerequisite to admissibility... . "[T]his burden is met and a prima facie case made out by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward." Cox, 586 So.2d at 763.
Haymer contends that on three different occasions, he told the same version of events to Detective Wallace and that Wallace refused to accept his version of events and told him that if he would bring the stolen merchandise to the police, Wallace would "make him a deal."
Haymer also contends that Wallace told him, "I have your ass now ..." and "well, I'm going to tell you what I think happened." Based on these statements, Haymer argues that it is evident that Wallace would not accept his version of the alleged crime. Haymer cites Chisolm v. State, 529 So.2d 630 (Miss. 1988), to support his proposition that a confession, to be admissible, must be freely and voluntarily made without the influence of promises or threats. Haymer believes that Wallace's alleged refusal to accept his version of the heist and his promises of leniency caused Haymer to make an involuntary confession.
Haymer argues that the promise to help him avoid incarceration was sufficient to induce him to confess to a crime which he did not commit. Therefore, he contends his confession was involuntary and inadmissible. Dunn v. State, 547 So.2d 42 (Miss. 1989).
The prosecution argues that there was no evidence of an involuntary statement being given, and the trial judge's hearing on the motion to suppress was not error. The prosecution also points out that after *840 Haymer was read his Miranda warnings, he signed the waiver of rights form and voluntarily confessed to the crime of grand larceny at Delta.
The prosecution notes that Detective Wallace's testimony during the suppression hearing verifies that Haymer was willing to talk to Wallace about the crime. In addition, Haymer himself read his rights from the Yazoo Police Department's written form and, prior to signing the waiver form, acknowledged his understanding of the rights.
At the time Wallace called Haymer a convicted felon from the stand, the trial judge admonished the jury and polled them to see if they could disregard this testimony, he also conducted a suppression hearing. Detective Wallace was then questioned about the circumstances surrounding Haymer's questioning and confession. Wallace specifically denied that there were any promises of leniency or hope of reward held out to Haymer in order to induce him to confess. On cross-examination during the suppression hearing, Wallace testified that Haymer told him more than once that there was a robbery at Delta. Wallace denied ever espousing any theory to Haymer about how he thought the incident actually occurred, and he also denied telling Haymer that if he told the truth Wallace could get the charges dropped.
According to Cox, where the State has laid the "proper predicate," the onus is then on the defendant to provide other evidence or testimony on the voluntariness issue to rebut the State's assertion. 586 So.2d at 764. Haymer failed to provide other evidence or testimony to rebut the State's predicate that the confession was voluntary and the trial judge found the statement voluntary.
When the trial judge follows the correct legal standards to determine the admissibility of the contents of a confession, and there is substantial evidence to support the finding of voluntariness, we will not disturb the trial judge's findings. There is no merit to this assignment of error.

II.

DID THE CIRCUIT JUDGE ERR IN FAILING TO GRANT A MISTRIAL WHEN WALLACE MADE REFERENCE TO HAYMER AS A CONVICTED FELON IN VIOLATION OF HIS MOTION IN LIMINE?
This issue has already been discussed at length under assignment No. I.
We need only add that Haymer's reliance on Williams v. State, 539 So.2d 1049 (Miss. 1989), is misplaced. There the prosecutors acted in disregard of the trial court's ruling of evidentiary inadmissibility. Here the State adhered to the court's ruling in reference to Haymer's criminal record and did not mention it again. There is no merit to this assignment of error.

III.

DOES THE EVIDENCE OFFERED SUFFICIENTLY SUPPORT THE VERDICT OF THE JURY?
Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. Benson v. State, 551 So.2d 188, 193 (Miss. 1989).
Haymer argues that the testimony of Alex McNeal must be cautiously and suspiciously analyzed as he was an accomplice. Boyce v. State, 239 Miss. 405, 123 So.2d 452 (1960).
In addition, Haymer contends that only where the testimony of a co-indictee or co-conspirator is not improbable, or materially self-contradictory, or thoroughly impeached, will it be satisfactory to sustain a conviction. Clemons v. State, 535 So.2d 1354 (Miss. 1988). Haymer takes the position that McNeal's testimony is improbable and self-contradictory. Haymer urges the same arguments against Barry Green, another key witness for the prosecution.
The State responds that Haymer failed to substantiate his claim that McNeal's and Green's testimonies were improbable and self-contradictory. In Kelley v. State, 553 So.2d 517, 522 (Miss. 1989), this Court held *841 that the credibility of a witness was for the jury. "It is not the function of this Court to pass on the credibility of any witness; that job is left solely to the province of the jury." See Campbell v. State, 480 So.2d 1161, 1162 (Miss. 1985).
The State also contends that any weight placed on Clemons is unwarranted because this decision was vacated in Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); on remand, Clemons v. State, 593 So.2d 1004 (Miss. 1992), where this Court addressed only the reweighing of remaining aggravating circumstances to uphold a death sentence.
The State contends that there was testimony offered by other witnesses, such as Detective Wallace, which solidified Haymer's involvement in this crime; moreover, Haymer does not even deny that he confessed to this crime.
Once a jury has found a defendant guilty, "our authority on appeal is by law considerably constricted." Cox, 586 So.2d at 819. The jury found the testimony of both Green and McNeal credible; absent a showing of prejudice, fraud, manifest error as to the weight assigned to this testimony, etc., we do not have the authority to disturb this finding on appeal. Haymer has produced no evidence which substantiates his burden of proving that the evidence presented against him was insufficient to support the jury verdict. There is evidence in the record from which a jury could have reasonably inferred each element of the grand larceny charge; therefore, this assignment of error is without merit.
CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE (5) YEARS IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE, PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.