¶ 1. Jerry Duane Morris was convicted by a jury in the Circuit Court of Desoto County of the sexual battery[1] of a minor child, S.R.,[2] on November 18, 2003. Morris was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections with ten years suspended pending his future good behavior. Aggrieved by the conviction, Morris has appealed and asserts the following issues, which we quote verbatim.
 I. The Court erred in denying Defendant's Motion to Suppress his statements given to law enforcement officers.
 II. The Court erred in granting Jury Instruction No. 13 submitted by the State as S-4. *Page 434 
 FACTS ¶ 2. On June 13, 2003, S.R.'s mother received a report from her stepsister that her daughter, had been sexually abused by Jerry Morris the previous night. Upon hearing this the mother contacted the Desoto County Sheriff's Department.
 ¶ 3. According to the record, S.R. spent the evening of June 12, 2003 with her mother's stepsister, Ms. Morris. While Ms. Morris was away at work, her boyfriend, Jerry Morris, remained at their apartment with S.R. and two other minor children. At the time of the incident, Jerry Morris was 36 years old and S.R. was ten years old. Jerry Morris was charged with sexual battery of S.R., who is the niece of his girlfriend.
 ¶ 4. At approximately 1:30 a.m., the child disclosed the molestation to her aunt, who confronted Jerry Morris. Jerry Morris admitted to Ms. Morris that he had engaged in inappropriate touching of the child. About 3:30 a.m., Ms. Morris took S.R. to her mother, who filed a complaint with the sheriff's office. Morris was arrested and gave a recorded confession. Morris' confession was given in the presence of Lt. Josh Zacaharias and Detective Jim Dunavant while in custody at the Desoto County Sheriff's Department.
 ISSUES AND ANALYSIS ISSUE I.
WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TOSUPPRESS HIS STATEMENTS GIVEN TO LAW ENFORCEMENT OFFICERS.
 ¶ 5. When the trial court has overruled a motion to suppress a defendant's confession, we will reverse the trial court's decision only if the trial court's ruling is manifest error or contrary to the overwhelming weight of the evidence. McGowan v.State, 706 So.2d 231, 235 (¶ 11) (Miss. 1997). In other words, this Court will not reverse a trial court's finding that a confession was voluntary and is admissible as long as that trial court applied the correct principles of law and its finding was factually supported by the evidence. Haymer v. State,613 So.2d 837, 839 (Miss. 1993).
 ¶ 6. Morris contends that his custodial statement to law enforcement officers should not have been admitted into evidence. He contends that the statement was not knowingly or voluntarily made because he was under the influence of alcohol and drugs, specifically Xanax. According to Jerry Morris' testimony, he drank "from about 9:30 that night until about 11:30 that morning" and finished the last beer when he was arrested.
 ¶ 7. Intoxication does not automatically render a confession involuntary. However, the degree of intoxication is a matter which may be considered by the court in making its determination as to whether a statement should be suppressed. O'Halloran v.State, 731 So.2d 565, 571(18) (Miss. 1999). Jerry Morris testified that he was intoxicated, and did not remember the confession or anything about the events subsequent to his arrest. However, Lt. Zacharias and Detective Dunavant indicated that Jerry Morris did not exhibit the symptoms of a person under the influence of drugs or alcohol. He lacked the smell of alcohol, redness of the eyes, the dilation of his pupils, the slurring of his speech and the appearance of confusion. In fact when given his Miranda warnings by the officers, Morris asked questions and stated he had been through this before.
 ¶ 8. In reaching its determination, the trial court also listened to the recording of the confession. The trial court determined that (1) a full explanation of the Miranda rights had been given to Morris, (2) Morris *Page 435 
had asked questions and indicated that he had been through this process previously, (3) Morris had indicated that he understood his Miranda rights, and had indicated his understanding by having initialed each right on the waiver form, (4) Morris had indicated a willingness to talk with the officers, and (5) the statements made to the officers had been coherent and had not sounded as if they were made by someone who was impaired.
 ¶ 9. These findings by the trial court were consistent with the audio tape of the confession, which Morris agreed was the best evidence of the voluntariness of his confession. That tape does not suggest that Morris was unwilling to talk, promised any leniency, threaten, that coercive measures were exerted against him by the officers, or that he was mentally impaired.
 ¶ 10. When the trial judge follows the correct legal standards to determine the admissibility of the contents of a confession, and there is substantial evidence to support the finding of voluntariness, we will not disturb the trial judge's findings.Haymer, 613 So.2d at 840. The trial court's decision applies the proper law, and is supported by substantial evidence. Accordingly, this Court finds no merit to this assignment of error.
 ISSUE II.
WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTIONNO. 13 SUBMITTED BY THE STATE AS S-4.
 ¶ 11. Morris contends that the Court erred in granting jury instruction 13(S-4) because there was no sufficient evidence in the record to grant this instruction. Our law is well-settled that jury instructions are not given unless there is an evidentiary basis in the record for such. Turner v. State,732 So.2d 937 (Miss. 1999). The Mississippi Supreme Court has also held that instructions must be warranted by the evidence and should not be indiscriminately granted. Mease v. State,539 So.2d 1324, 1330 (Miss. 1989).
 ¶ 12. The instruction of which Morris complains, stated "slight penetration to the vulva or labia is sufficient to constitute the offense of sexual battery." Morris contends that medical testimony is a prerequisite to granting this instruction. Morris correctly states the law of this State that all jury instructions must be justified by the evidence. However, that evidence may take several forms, which include medical testimony or testimony by the victim. In Jackson v. State, 452 So.2d 438 (Miss. 1984), the Mississippi Supreme Court held that slight penetration to the vulva or labia was sufficient penetration to constitute the offense of rape. Jackson, 452 So.2d at 440. Sexual battery is no different. Johnson v. State, 626 So.2d 631, 633 (Miss. 1993).
 ¶ 13. At trial, S.R. gave testimony that Morris digitally penetrated her private parts. S.R.'s testimony is sufficient to establish an evidentiary basis for the act of penetration. The lack of medical testimony does not vitiate the claim of slight penetration of the vulva or labia. These are terms of biology, which are accorded their ordinary usage in describing the victim's account The Mississippi Supreme Court has held that the "totally uncorroborated testimony of a victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence." Christian v. State,456 So.2d 729, 734 (Miss. 1984). The victim's statements regarding Morris' intrusion into her private body parts were sufficient to warrant an instruction regarding digital penetration. Although her testimony is contradicted by the accused, credibility is to be determine by the jury.
 ¶ 14. It is also Morris' contention that this additional information placed *Page 436 
more emphasis on the testimony of the child. The trial court instructed the jury that it was not to single out any one instruction, but rather was duty bound to consider and apply all of them. Jurors are presumed to follow the court's instructions.Ragin v. State, 724 So.2d 901, 904 (¶ 13) (Miss. 1998).
 ¶ 15. Since an evidentiary basis was established via the testimony of the victim, it was not error to give an instruction that provided an explanation of penetration. For the foregoing reasons, we find the trial judge did not err in granting the instruction.
 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OFCONVICTION OF SEXUAL BATTERY OF A CHILD UNDER THE AGE OF (14)YEARS OLD AND SENTENCE OF (20) YEARS IN THE CUSTODY OFMISSISSIPPI DEPARTMENT OF CORRECTIONS WITH (10) YEARS SUSPENDEDPENDING DEFENDANT'S FUTURE GOOD BEHAVIOR IS AFFIRMED. ALL COSTSOF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GIRFFIS, BARNES AND ISHEE, JJ., CONCUR.
[1] Pursuant to Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2000), "A person is guilty of sexual battery if he or she engages in sexual penetration with: A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss. Code Ann. § 97-3-97(a) (Rev. 2000) provides: "Sexual penetration includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." Penetration is the very essence of the crime of sexual battery.
[2] Due to the nature of the offense, the victim's real name is not being used for purposes of this opinion.