GRIFFIS, J.,
for the Court.
¶ 1. Raymond Keith Thomas was convicted of armed robbery in the Circuit Court of Lincoln County. He was sentenced as an habitual offender, to serve forty-three years in the custody of the Mississippi Department of Corrections, without the possibility of parole, suspension, or. reduction. Thomas appeals and argues that the trial court erred in admitting his confession into evidence. We find no error and affirm.
FACTS
¶2. On October 12, 2003, at 4:45 a.m., the C-Express store in Brookhaven was robbed. A man, armed with a pellet gun, robbed the clerk of $249, two packs of cigarettes, and a cigarette lighter. He also robbed store clerk Katherine Ganoe of her boyfriend’s car.
¶3. Brookhaven Assistant Police Chief Nolan Jones reviewed the store’s surveillance tapes and recognized the robber as Thomas. Ganoe identified Thomas’s picture out of a line up.
¶ 4. On October 31, the Brookhaven Police Department arrested Thomas and transported him from the Hinds County Detention Center. On November 4, Thomas gave a taped and written confession to Jones and Captain Roger L. Wilson. He had been read his Miranda rights and had signed a waiver of his rights. He told the officers that he was “coming off of something.” Jones asked if he knew what he was doing, and Thomas replied that he did. Jones continued the interrogation, which lead to the confession.
¶ 5. At the suppression hearing, Thomas testified that he was under the influence of crack and Lorcet at the time of the confession. He said he took the drugs on Octo *966 ber 31, in the Hinds County Detention Center. The circuit court overruled the motion to suppress, finding the responses in the tape were more coherent than the responses Thomas gave in the motion hearing.
STANDARD OF REVIEW
¶ 6. We review denials of motions to suppress confessions for manifest error or for whether the decision is contrary to the overwhelming weight of the evidence. Carlisle v. State, 822 So.2d 1022, 1026(¶ 11) (Miss.Ct.App.2002). As long as the correct principles of law are applied, and the finding of voluntariness is factually supported by the evidence, we will affirm. Id.
ANALYSIS
¶ 7. Thomas argues that his Miranda waiver was not knowing, intelligent or voluntary since he was under the influence of drugs at the time. Thus, he argues his confession was inadmissible. In the alternative, he maintains the judge should have corrected this problem by granting him a directed verdict. The State counters by arguing that the confession was voluntary.
¶ 8. In order to waive one’s right against self-incrimination, the waiver must be knowing, intelligent, and voluntary. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The State must prove beyond a reasonable doubt that the confession was voluntary. Cox v. State, 586 So.2d 761, 763 (Miss. 1991). To be voluntary, the defendant must be aware of the nature of his self-incrimination rights and of the consequences of waiving them. Brown v. State, 839 So.2d 597, 600(¶12) (Miss Ct.App. 2003).
¶ 9. Intoxication does not necessarily render a confession involuntary. Bag-gett v. State, 793 So.2d 630, 634(¶ 9) (Miss. 2001). “The admissibility of the confession depends on the degree of intoxication.” Id. (quoting O'Halloran v. State, 731 So.2d 565, 571 (Miss.1999)). For example, the supreme court affirmed the lower court’s decision to exclude a confession, where the defendant was so acutely intoxicated he was maniacal. State v. Williams, 208 So.2d 172, 175 (Miss.1968). In Morris v. State, 913 So.2d 432, 434(¶ 7) (Miss.Ct.App. 2005), we upheld the decision to admit a confession where there was testimony that the defendant’s eyes were not dilated, his speech was not slurred, he did not smell of alcohol, and he was coherent. The supreme court upheld the admissibility of a confession given thirteen hours after the defendant measured .16 blood alcohol content, where the defendant’s speech and gait were normal. Stevens v. State, 458 So.2d 726, 729 (Miss.1984).
¶ 10. We now turn to the evidence of intoxication in this case. At the suppression hearing, Thomas testified that he was under the influence of crack and Lorcet at the time he confessed on November 4. However, he stated he took these drugs October 31. Jones and Wilson testified that Thomas said he knew what he was doing and that he appeared normal and to be thinking clearly. The trial court held that the proof was beyond a reasonable doubt that Thomas voluntarily confessed. We agree. A full four days elapsed between the time Thomas took the drugs and the time he confessed. Like the defendants in Stevens and Morris, Thomas displayed no signs of impairment. His confession, therefore, cannot be said to be the result of intoxication. The trial court’s decision to admit the confession was not manifest error.
¶ 11. We likewise find no merit in Thomas’s contention that he should have been granted a directed verdict. Because *967 the confession was admissible, the jury heard Thomas admit to using a pellet gun in order to rob the clerk at the C-Express Store of money, cigarettes, and a car. There was testimony that a pellet gun can inflict serious bodily injury. Therefore, there was sufficient evidence to support the armed robbery conviction. Miss.Code Ann. § 97-3-79 (Rev.2000). We affirm.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FORTY-THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AS AN HABITUAL OFFENDER, WITHOUT CHANCE OF EARLY RELEASE, PAROLE OR PROBATION, SUSPENSION OR REDUCTION IN ANYWAY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.