# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-KA-00921-SCT

*MICKEY L. JOHNSON a/k/a MICKEY JOHNSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2012 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE B. WOOD |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/07/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.

### DICKINSON, PRESIDING JUSTICE, FOR THE COURT:

¶1.     On appeal from his conviction for possession of cocaine, Mickey L. Johnson argues that law enforcement officers gave him a defective **Miranda**[1] warning and then coerced his written statement by promising to forego charges against his fianceé.  He further argues that, because the trial court refused to suppress his written statement,  his conviction must be reversed.  We find that the **Miranda** warning used in this case was not defective, and we are not persuaded that the trial judge committed manifest error in finding that Johnson voluntarily gave a statement that included his confession.

---

[1] **Miranda v. Arizona**, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

## FACTS AND PROCEDURAL HISTORY

¶2. On August 4, 2011, Johnson, his fianceé Chiquita Clay, and Gamilla Truss were in Johnson's home when law enforcement officers arrived to execute a search warrant. During the search, officers located a plastic bottle containing what appeared to be crack cocaine. Later analysis by the crime lab confirmed that the substance was in fact cocaine. Following the search, the officers arrested Johnson and transported him and Clay – whom they did not arrest – to the Leake County Jail.

¶3. After arrival at the jail, Officer Clay McCombs and Chief Deputy Mike Williams presented Johnson with a form *Miranda* warning and waiver, which he signed. Thereafter, Officer McCombs wrote out a statement which Johnson signed, stating:

> I, Mickey Johnson, am giving this statement to Clay McCombs, who is writing it for me. Today I was at my house when I heard officer was at my house. I had some crack cocaine that I put in a white bottle. I put the white bottle in some clothes in the closet with women's clothes. It was my crack cocaine and Chekita Clay had nothing to do with it.

¶4. The Leake County grand jury indicted Johnson on a charge of possession of cocaine in an amount of at least two grams but less than ten grams, and as a second drug offender, and on May 8, 2012, the case went to trial.

¶5. At trial, Johnson's counsel objected to the admission of Johnson's statement, arguing that the statement was involuntary because it was coerced with a promise by law enforcement to forego charges against Clay; and that the *Miranda* warning was defective because it did not include the required disclosure that Johnson had the right to consult with counsel prior to any questioning.

¶6.     During a suppression hearing outside the presence of the jury, the trial judge – after hearing testimony from Officer Clay McCombs, Chief Deputy Mike Williams, and Johnson, as well as argument from both sides – found the warning sufficient pursuant to *Miranda* and held that Johnson's statement was admissible.  On appeal, Johnson claims this ruling was error.

## ANALYSIS

¶7.     In arguing that the trial judge should have suppressed his statement, Johnson first argues that his statement was involuntary because it was coerced by a promise not to pursue charges against his fianceé.  He also argues that the *Miranda* warning given to him was defective.

**I.      The trial judge did not commit manifest error in finding that Johnson voluntarily gave his statement.**

¶8.     During the suppression hearing, Johnson testified that Officer McCombs threatened to charge Clay – who officers knew was his fianceé – with possessing cocaine if he did not sign a confession.  The trial judge found that Johnson's testimony did not give rise to a credible argument that his confession had been coerced.

¶9.     Johnson argues that, because the State had the burden to prove beyond a reasonable doubt that his confession was voluntary; and because the State failed to refute his testimony, the trial judge was bound to accept it and exclude the statement.  We do not find this to be the law.

¶10. A defendant's confession may be allowed into evidence over objection only where the trial judge finds the confession was intelligently, knowingly, and voluntarily made,[2] rather than bargained for with promises, threats, or inducements by law enforcement officers.[3] And where, as here, a defendant argues that the confession was coerced by one of these means, the court must hold a hearing at which the trial judge sits as the finder of fact.[4]

¶11. As the fact-finder, the trial judge must consider "the totality of the circumstances" and decide whether "the statement [was] the product of the accused's free and rational choice."[5] We reverse the trial court's decision only upon finding the ruling was manifestly erroneous or contrary to the overwhelming weight of evidence.[6]

¶12. When a defendant challenges the voluntariness of his confession, the State has the burden to show beyond a reasonable doubt that the defendant voluntarily gave the confession,[7] and the "burden is met and a prima facie case is made by testimony of an officer,

---

[2]*Wilson v. State*, 936 So. 2d 357, 361 (Miss. 2006) (citing *Manix v. State*, 895 So. 2d 167, 180 (Miss. 2005)).

[3]*Manix*, 895 So. 2d at 180 (citing *Dancer v. State*, 721 So. 2d 583, 587 (Miss. 1998); *Morgan v. State*, 681 So. 2d 82, 86 (Miss. 1996); *Chase v. State*, 645 So. 2d 829, 838-39 (Miss. 1994)).

[4]*Wilson*, 936 So. 2d at 362 (citing *Thorson v. State*, 653 So. 2d 876, 888 (Miss. 1994) (citing *Abram v. State*, 606 So. 2d 1015, 1030 (Miss. 1992))).

[5]*Wilson*, 936 So. 2d at 361-62 (citing *Jacobs v. State*, 870 So. 2d 1202, 1207 (Miss. 2004)).

[6]*Wilson,* 936 So. 2d at 361 (citing *Glasper v. State*, 914 So. 2d 708, 716 (Miss. 2005)); *Barnes v. State*, 30 So. 3d 313, 317 (Miss. 2010).

[7]*Manix*, 936 So. 2d at 180 (citing *Morgan*, 681 So. 2d at 86 (citing *Haymer v. State*, 613 So. 2d 837, 839 (Miss. 1993))).

or other persons having knowledge of the facts, that the confession was voluntarily made without threats, coercion, or offer of reward."[8]

¶13. During the suppression hearing, Johnson testified that Officer McCombs had threatened to charge his fianceé, Chiquita Clay, unless he confessed that the cocaine belonged to him. Johnson's counsel also drew attention to the fact that Johnson's signed confession referenced Clay's innocence.

¶14. In response to Johnson's argument, the State called both Officer McCombs and Chief Deputy Williams, and both refuted Johnson's testimony by testifying that neither promises nor threats were made to induce Johnson's confession. Officer McCombs testified that Johnson had asked whether Clay would be charged, and he had responded that, if Johnson admitted the cocaine was his, there would be no reason to charge Clay. After hearing this testimony, the trial judge stated that he did not find Johnson's argument to be credible.

¶15. We are unable to find that the trial judge's ruling was manifestly incorrect. We have held that the State may meet its burden by producing "testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without threats, coercion, or offer of reward."[9] According to the officers, Johnson initiated the subject of whether Clay would be charged, and Officer McCombs's factual response to Johnson's question does not, as a matter of law, rise to the level of a threat or coercion. Both interviewing officers testified that Johnson was not promised anything in exchange for his

---

[8]*Id.* (quoting *Morgan*, 681 So. 2d at 87 (quoting *Chase*, 645 So. 2d at 838 (quoting *Cox v. State*, 586 So. 2d 761, 763 (Miss. 1991))) (internal quotations omitted).

[9]*Id.* (quoting *Morgan*, 681 So. 2d at 87 (quoting *Chase*, 645 So. 2d at 838 (quoting *Cox v. State*, 586 So. 2d 761, 763 (Miss. 1991))) (internal quotations omitted).

confession, and the only evidence to refute this testimony was Johnson's verison of the discussion.

¶16.     In *Glasper v. State*, we addressed similar conflicting testimony at a suppression hearing in which the defendant argued his confession was involuntarily given because law enforcement officers induced the confession with repeated promises of leniency.[10]  At a suppression hearing, Glasper testified that the interviewing officer had promised leniency during his custodial interrogation.[11]   To refute this testimony, the State presented contradictory testimony from the interviewing officer.[12]  In affirming the trial judge's ruling that the defendant had confessed voluntarily, we stated:

> Regardless of the number of appellate judges who now, or in the future, review this case, the trial judge in this case is the only one amongst the members of the judiciary who will ever have the opportunity to not only hear the testimony, but to also observe the demeanor of the witnesses as they testified at the suppression hearing. We thus afford the appropriate deference to the trial judge since she was the ultimate fact-finder based on disputed testimony offered at the suppression hearing. And the trial judge, siting as the fact finder, had the sole authority to weigh the credibility of the witnesses and decide in the state's favor.[13]

¶17.     This case presents the same issue we addressed in *Glasper*.  The defendant testified that his confession was given in exchange for a promise.  Both interviewing officers testified that this was not true.  Giving the deference due to the trial judge's discretion in determining the credibility of witnesses, we cannot say that the trial judge's ruling was manifestly wrong.

---

[10]*Glasper*, 914 So. 2d at 720.

[11]*Id.*

[12]*Id.*

[13]*Id.* (citing *Culbreath v. Johnson*, 427 So. 2d 705, 708-09 (Miss. 1983)).

6

**II. The *Miranda* warning was not defective.**

¶18.    The question concerning the *Miranda* warning is not complicated.  Johnson was informed that he had "the right to have an attorney present during interrogation," but he was not specifically informed that he had the right to consult with counsel.  The trial judge found that informing a defendant of his right to have an attorney present during questioning carries with it the understanding that he may consult with that attorney.  We agree.

¶19.    In *Miranda*, the United States Supreme Court held that the Fifth Amendment to the United States Constitution requires that a defendant be informed of his rights to remain silent and to counsel prior to being subjected to custodial interrogation.[14]  Johnson relies on the Supreme Court's statement in *Miranda* that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today."[15]

¶20.    In and since *Miranda*, the United States Supreme Court has rejected a rigid requirement of exact language when giving *Miranda* warnings.  In *Miranda*, the Court stated that the warnings stated therein were necessary "in the absence of a fully effective equivalent."[16]  In *Duckworth v. Eagan*, the Supreme Court stated that "[w]e have never insisted that *Miranda* warnings be given in the exact form described in that decision" and

---

[14]*Miranda*, 384 U.S. at 470.

[15]*Id.*

[16]*Id.* at 476.

7

that "[t]he inquiry is simply whether the warnings reasonably 'convey to a suspect his rights as required by *Miranda*.'"[17]

¶21. This Court addressed a similar claim regarding *Miranda* warnings in *Byrom v. State*, in which the defendant moved to suppress her confession, arguing that she did not know she had a right to have an attorney present during interrogation.[18] The sheriff in that case had advised Byrom that she had the right to consult with an attorney prior to questioning, but had failed to state that counsel could be present during the interrogation.[19] In affirming the admission of Byrom's confession, this Court stated "[w]hile as noted by the trial court, the warnings were not the classic warnings, Byrom was fairly advised of her rights."[20]

¶22. Johnson was clearly informed that he had "the right to have an attorney present during interrogation," and that if he desired an attorney, but could not afford one, one would be appointed. This adequately informed Johnson of his right to counsel.

### CONCLUSION

¶23. The trial judge did not commit manifest error by finding that Johnson voluntarily gave his confession. And we find that the waiver-of-rights form Johnson signed sufficiently advised him of his right to counsel. Accordingly, we affirm Johnson's conviction and sentence.

---

[17]*Duckworth v. Eagan*, 492 U.S. 195, 202-03, 109 S. Ct. 2875, 106 L. Ed. 2d 166 (1989) (quoting *California v. Prysock*, 453 U.S. 355, 361, 101 S. Ct. 2806, 2810, 69 L. Ed. 2d 696 (1981)).

[18]*Byrom v. State*, 863 So. 2d 836, 855 (Miss. 2003).

[19]*Id.*

[20]*Id.* at 858.

¶24.    **CONVICTION OF POSSESSION OF COCAINE AND SENTENCE AS A SECOND DRUG OFFENDER OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**